IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

JEFFREY SHAUN KRAUSS,

    Petitioner

v.                                        CIVIL NO. 2:08cr73
                                          CRIMINAL NO. 2:14cv60

UNITED STATES OF AMERICA,

    Respondent.

## OPINION AND ORDER

This matter comes before the Court upon Jeffrey Shaun Krauss's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("2255 Motion"). ECF No. 144. For the reasons set forth herein, the Petitioner's Motion is **DENIED**.

I.    **STANDARD OF REVIEW**

Collateral review created by 28 U.S.C. § 2255 allows a prisoner in federal custody to challenge the legality of a federal sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing Court lacked jurisdiction; (3) the sentence imposed was in excess of the maximum amount authorized by law; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255. On such grounds, the petitioner may move the court to vacate, set aside, or correct a sentence. The Supreme Court has held that § 2255 is the appropriate vehicle by which a federal prisoner may challenge both a conviction and the post-conviction sentence. Davis v. United States, 417 U.S. 333, 343–44 (1974).

A district court may dismiss a petitioner's § 2255 motion in several clearly defined circumstances. The statute provides that, "[u]nless the motion and the files and the records of the

1

case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney [and] grant a prompt hearing thereon . . . ." 28 U.S.C. § 2255. Thus, as a corollary, a court may dismiss a § 2255 motion if it is clearly inadequate on its face and if the petitioner would not be entitled to relief assuming the facts alleged in the motion are true. Where the record refutes a petitioner's allegations, dismissal is appropriate. Likewise, if the motion can be resolved exclusively on issues of law, and no questions of fact exist, then summary dismissal is appropriate without an evidentiary hearing. See Green v. United States, 65 F.3d 546, 548–49 (6th Cir. 1995) (finding an evidentiary hearing unnecessary because all claims by petitioner alleged legal errors).

When filing a § 2255 petition to vacate, set aside, or correct a sentence, a petitioner "bears the burden of proving his grounds for collateral attack by a preponderance of the evidence." Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998) (citing Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967); Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)). A motion under § 2255 may not, however, "do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). Thus, any matter that could have been asserted either at trial or on appeal but was not so asserted is not appropriate for review on motion under § 2255 without a showing of "cause" sufficient to excuse the double procedural fault and "actual prejudice" resulting from the error. Id. at 167–68; see also Wainright v. Sykes, 433 U.S. 72 (1977); Davis, 411 U.S. at 241–43 ("We believe that the necessary effect of the congressional adoption of [Fed. R. Crim. P. 12] is to provide that a claim once waived pursuant to that Rule may not later be resurrected, either in the criminal proceedings or in federal habeas, in the absence of the showing of 'cause' which that Rule requires."). A showing of "actual prejudice" requires a petitioner to establish that the error had a "substantial and injurious effect or influence in determining the

jury's verdict." Fry v. Pliler, 551 U.S. 112, 116 (2007) (quoting Brecht v. Abrahamson, 507 U.S. 619, 631 (1993)).

Absent a showing of "cause" and "prejudice" a petitioner may only raise a procedurally defaulted claim in a collateral attack upon a showing that a "miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999) (citing Frady, 456 U.S. at 167–68; United States v. Maybeck, 23 F.3d 888, 891–92 (4th Cir.1994)). In other words, a petitioner must establish actual innocence by clear and convincing evidence. Id.

## II. DISCUSSION

Petitioner alleges that his conviction should be set aside pursuant to Alleyne v. United States. 133 S. Ct. 2151 (2013). Alleyne held that "facts that increase mandatory minimum sentences must be submitted to the jury." Id. at 2163. Petitioner claims that he was attributed 20 kilograms of cocaine at sentencing even though he only stipulated to 62 grams of cocaine powder in the statement of facts. § 2255 Motion at 5, ECF No. 144. Thus, because the higher drug weights used to calculate Petitioner's guideline range were found only by a preponderance of the evidence rather than submitted to a jury, he argues that Alleyne requires this Court to vacate his prior sentence and re-sentence him within the range dictated by the 62 gram amount. Petitioner is incorrect.

As noted above, Alleyne applies only to facts which "increase mandatory minimum sentences." 133 S. Ct. at 2163 (emphasis added). In this case, Petitioner was convicted on two counts: (1) Conspiracy to Violate the Firearms Law of the United States, in violation of 18 U.S.C. § 371; and (2) Opening a Drug-Involved Premises, in violation of 21 U.S.C. § 856(a)(1). Judgment, ECF No. 110. Neither of these counts carries a mandatory minimum sentence, regardless of any drug weights involved. Thus, Alleyne is not applicable: any higher drug

3

weights that may have increased the Petitioner's guidelines range did not increase a mandatory minimum sentence because no mandatory minimum sentences were involved at any point in Petitioner's case, and so no cause for relief under Alleyne has been shown. See, e.g., United States v. Allen, 13-4470, 2014 WL 1099280 (4th Cir. Mar. 21, 2014) (noting that a "career offender status as found by the district court did not increase the statutory mandatory minimum sentence applicable to [the appellant's] crime" and thus the sentence did not violate Alleyne).

### III. CONCLUSION

Because "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), Petitioner's § 2255 Motion is **DENIED**. ECF No. 144.

Petitioner is **ADVISED** that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order. For the reasons stated herein, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, VA
May 20, 2014